```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

LYNDEN E. GORDON,

        Plaintiff,

    -v-                                  06-CV-6101T(Fe)
                                          **DECISION AND**
JO ANNE BARNHART,                     **ORDER**

        Defendant.
___

## **INTRODUCTION**

Plaintiff Lynden E. Gordon ("Gordon") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (Codified at 42 U.S.C. § 401 et. seq.) (the "Act") claiming that the Commissioner of Social Security improperly denied his application for disability benefits. Specifically, Gordon alleges that the decision of the Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by the substantial evidence contained in the record and was based on a error of law.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ correctly determined that plaintiff was not disabled, and that the decision was supported by substantial evidence in accordance with applicable law.

## **BACKGROUND**

On April 15, 2003, Gordon applied for Social Security disability benefits, and on March 19, 2004, he applied for

Supplemental Security Income ("SSI").[1] Gordon claims that he became unable to work as of August 7, 2002, because he suffers from several disabling conditions including morbid obesity, high blood pressure, and chest, back and knee pain.

Initially, Gordon was denied benefits. He then requested an administrative hearing, which was held on February 3, 2005 before Administrative law Judge ("ALJ") Banks. Gordon, represented by an attorney, and vocational expert Adina Platt Leviton testified. Medical evidence was received from treating physicians Rakesh Shrivasthava and Rajaletchumy Sathasivam, including records from the Unity Health System and Strong Memorial Hospital. Additionally, records were received from Dr. Pasquale Iannoll, to whom Gordon was referred for diet, and Dr. Robert Israel, to whom Gordon was referred for a consultation on a possible gastric by-pass. Dr. Israel provided information on Gordon's sleep apnea. Additional evidence was received from consulting physician Michael R. Obrecht, who examined Gordon on behalf of Social Security.

On April 27, 2005, the ALJ found that Gordon was not under a disability. Specifically, the ALJ found that Gordon suffered morbid obesity, hypertension with left ventricular hypertrophy, and osteoarthritis of the knees, ankles and low back secondary to body habitus, which are considered severe under the requirements in

---

[1] Plaintiff indicates that he previously received SSI benefits from 1997 to 2000.  He was then able to return to work from 2000 to August 2002.

Regulations 20 CFR §§ 404.152(c) and 416.920(b). Record (hereinafter "R") at 20-21. Further, the ALJ found that, while these impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4, Gordon did have some restrictions on his functional capacity. Gordon was limited to sedentary work with a sit/stand option, that allowed him to walk with a cane, but could not climb ropes, ladders, or scaffolds, crawl or crouch, and that he is able to perform other postural movements, such as stoop, occasionally. R at 21. Additionally, the ALJ found that Gordon could not perform his past relevant work and that no skills were transferrable form his past work. Id.

Nevertheless, Gordon is a "young individual" with more than a high school education. Although he could not perform the full range of sedentary work, the ALJ found that, pursuant to the guidelines of Medical-Vocational Rule 201.27, there were a significant number of jobs in the national economy that Gordon could perform. Therefore, the ALJ determined that Gordon was not under a disability. R at 21. On December 13, 2005, the Appeals Council denied review of the ALJ's decision,(R at 4-6), and Gordon filed the instant action.

**DISCUSSION**

**I.    Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that the decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be

granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. *See* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

## II. **The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence on the record**.

A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d) (1991). The Second Circuit outlined the five-step process through which the Commissioner makes a determination as follows:

> First, the [ALJ] considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the [ALJ] next considers whether the claimant has a 'severe impairment' that significantly limits [his] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1. .... Assuming

5

>     the claimant does not have a listed impairment, the
>     fourth inquiry is whether, despite the claimant's severe
>     impairment, [he] has the residual functional capacity to
>     perform [his] past work.  Finally, if the claimant is
>     unable to perform [his] past work, the burden then shifts
>     to the Commissioner to determine whether there is other
>     work which the claimant could perform.

Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1999) (citing Balsamo v. Chater, 142 F.3d 75, 79-80 (2d Cir. 1998)).  Here, the ALJ determined that Gordon was not engaged in gainful activity, had a severe impairment, which was not an impairment listed in the applicable statute, and that Gordon could not perform his past employment.  Nevertheless, the ALJ determined that Gordon could perform other work available in the economy, and therefore, the ALJ concluded that Gordon was not disabled.

Gordon argues that, in determining that he was not disabled, the ALJ ignored the treating source opinions of Dr. Sathasivan and Dr. Shrivastava.  The "treating physician rule" requires that the "medical opinion of a claimant's treating physician [be] given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 404.1527(d)(2). Under the Commissioner's regulations, the ALJ must consider the following factors when assigning weight to the opinion of a treating source: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) whether the treating physician presents

6

relevant evidence to support an opinion, particularly medical signs and laboratory findings; (4) whether the treating physician's opinion is consistent with the record as a whole; (5) whether the treating physician is a specialist in the area relating to her opinion; and (6) other factors which tend to support or contradict the opinion. Id.

Here, plaintiff's attorney indicated that Dr. Shrivastava was plaintiff's internal medicine physician. R at 18. However, there are only a couple of entries in all of plaintiff's medical records attributable to Dr. Shrivastava. Id. On July 9, 2002, Dr. Shrivastava saw plaintiff with a complaint of bilateral lower extremity swelling and diagnosed bilateral pitting pedal edema and hypertension. Id. Additionally, Dr. Shrivastava submitted a medical source statement of ability to do work-related activity on February 1, 2005 indicating that Gordon could occasionally lift 5 pounds, stand for a few minutes and walk a few feet, could not sit for more than 30 minutes at a time, was restricted in pushing and pulling, could not climb, balance, kneel, crouch, or stoop, with occasional crawling, and had some limitation in reaching. Further, he noted that Gordon had some limitations in his hearing. R 265-268. The ALJ correctly held that the record does not support finding Dr. Shrivastava to be a treating physician based on his limited contact with the plaintiff, nor does the medical evidence support the conclusions reflected in the doctor's opinion. Thus, the ALJ

properly assigned little weight to Dr. Shrivastava's opinion based on the treating physician rule.

On December 12, 2003 plaintiff's other treating physician, Dr. Sathasivan, an internist, opined that Gordon was "totally disabled" because of his multiple medical issues.  R at 249. He went on to state that Gordon's activities should be restricted to: "lifting more than 5 to 10 pounds frequent rapid movements of the spine and back, climbing stairs, pushing and pulling, any prolonged walking more than 10 to 20 feet, prolonged siting in a chair, [and] any repetitive motion of the legs or back." Id. "A treating source's statement that plaintiff 'is totally disabled,' however, is not considered a 'medical opinion' under the treating physician's rule to which controlling weight should be assigned because it represents an opinion on an issue reserved to the Commissioner." Earl-Buck v. Barnhart, 414 F.Supp.2d 288, 293 (W.D.N.Y. 2006) (citing 20 C.F.R. § 404.1527(e).  Thus, the ALJ was not bound by the statement of Dr. Sathasivan asserting that Gordon was totally disabled.

Gordon lived alone and was able to get to his medical appointments. His hypertension was controllable through medication, and Dr. Iannoli recommended an aggressive regime of nutritional evaluation addressing dietary habits, anorectic agents, doctor supervised exercise, and counseling and support in preparation for by-pass surgery.  R at 248.

Ultimately, the ALJ made his determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act.  Specifically, the ALJ found that Gordon suffered from morbid obesity, hypertension with left ventricular hypertrophy, and osteoarthritis of the knees, ankles and low back secondary to body habitus.  He found that Gordon did not have the residual functional capacity to perform his past work, but – given his age (28 years old at the time he applied) and education (high school graduate with one year of college), together with his functional ability – he was still able to perform work available in the national economy.

In reaching his decision, the ALJ considered and gave appropriate weight to the medical opinions of the treating physicians, together with the record as a whole. Additionally, the ALJ took into account plaintiff's subjective complaints of pain, and the consistency of his testimony with that of all the medical evidence. I find that substantial evidence exists in the record, which supports the ALJ's finding that plaintiff does not suffer from a disability within the meaning of the Act. Moreover, the ALJ engaged in a review of t Dr. Sathasivan, went on to state that Gordon's activities should be restricted to: "lifting more than 5 to 10 pounds frequent rapid movements of the spine and back, climbing stairs, pushing and pulling, any prolonged walking more than 10 to 20 feet, prolonged siting in a chair, [and] any repetitive motion of the legs or back."  R at 249.

he medical evidence in this case, together with a complete and thorough review of all available evidence, and issued a comprehensive decision addressing each issue raised by the plaintiff.  I find the ALJ's opinion to be thorough, well reasoned, and supported by the substantial evidence contained in the record.

## **CONCLUSION**

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

   s/Michael A. Telesca   
MICHAEL A. TELESCA  
United States District Judge

Dated:    March 27, 2007  
          Rochester, New York